UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | |
|---|---|
| JERMAIN DELISTON, | : |
| Plaintiff, | : 16cv3628 |
| -against- | : OPINION & ORDER |
| HARLEY'S SMOKESHACK, *et al.*, | : |
| Defendants. | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WILLIAM H. PAULEY III, District Judge:

      Plaintiff brings this action under the Americans with Disabilities Act ("ADA") and analog New York State and New York City laws. Although Plaintiff is represented by counsel, he asks to proceed in forma pauperis ("IFP").

      "The decision of whether to grant a request to proceed in forma pauperis is left to the District Court's discretion." Burda Media Inc. v. Blumenberg, 731 F. Supp. 2d 321, 322 (S.D.N.Y. 2010) (quotation marks and citation omitted). Judges in both the S.D.N.Y. and E.D.N.Y. "have concluded that 'an in forma pauperis application ordinarily should not be granted in a contingency fee context.'" Darang v. The City of New York, No. 15-cv-6058 (ENV) (VMS), 2015 WL 8207438, at *1 (E.D.N.Y. Dec. 7, 2015) (quoting Fodelmesi v. Schepplerly, 944 F. Supp. 285, 286 (S.D.N.Y. 1996)). Those courts have noted that because "indigent plaintiffs who are represented by counsel on a contingency fee basis rarely even apply for IFP status" there is little risk "that denying IFP status in such a situation will deter the filing of nonfrivolous claims." Walker v. City of New York, No. 12-cv-840 (MKB), 2012 WL 6563044, at *2 (E.D.N.Y. Dec. 17, 2012). In this Court's experience, the same is true with claims brought under the ADA. This is likely because of the ADA's "fee-shifting statute," the

purpose of which "is to permit plaintiffs with valid claims to attract effective legal representation and thereby to encourage private enforcement of civil rights statutes, to the benefit of the public as a whole.'"  Robbins & Myers, Inc. v. J.M. Huber Corp., No. 01-cv-00201S, 2010 WL 3992215, at *3 (W.D.N.Y. Oct. 12, 2010) (quoting Green v. Torres, 361 F.3d 96, 100 (2d Cir. 2004)).  Counsel has failed to make a showing that granting IFP status is appropriate.

Accordingly, Plaintiff's application is denied.  If counsel wishes to disclose additional information regarding his fee arrangement that could justify the granting of IFP status in view of this Opinion & Order, he may do so by August 23, 2016.  See Vargas v. CH Hosp. Mgmt., LLC, No. 14-cv-2439 (ENV) (JO), 2014 WL 2930462, at *1 (E.D.N.Y. June 27, 2014) (requiring plaintiff's counsel to provide additional information regarding its fee arrangement even though "the plaintiff's affidavit in support of the [in forma pauperis] motion [established] that his indigency makes him eligible for relief.").

Dated: August 16, 2016
       New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.